HON. KENNETH A. MacVEAN Corporation Counsel, Middletown
We acknowledge receipt of your letter stating that the Middletown city judge is about to retire and that under the Middletown City Court Act (Chapter 730 of the Laws of 1955, as amended by Chapter 244 of the Laws of 1957) the acting city judge will have jurisdiction over those matters previously cognizable by the city judge. The portions of Chapter 730 of the Laws of 1955 which are pertinent to your inquiry are as follows:
"§ 3. Judges; number
"The court shall consist of a city judge and an acting city judge. The acting city judge shall possess all of the qualifications, have all the powers and perform all of the duties of the city judge whenever such judge is absent, disqualified or unable to act.
"§ 4. Judges; election; qualifications; removal; vacancy; temporary appointment
 "4. A vacancy in the office of judge, occurring otherwise than by expiration of term, shall be filled for a full term of four years at the next general election held not less than thirty days after such vacancy occurs; and until the vacancy shall be so filled, the mayor shall fill such vacancy by appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled.
 "5. The city judge shall appoint to hold office during his pleasure, except as otherwise provided by law, an acting city judge with the same qualifications of the city judge. If on account of disability or otherwise the city judge is unable to appoint an acting city judge then such appointment shall be made by the mayor, but not to exceed the period of disability of the city judge.
§ 5. Acting city judge
 "During the absence of the city judge from the city, or his disability or inability to act, or if he is incapable to act for the reasons given for disqualifying a county judge by section seventy-three of the civil practice act and section fifteen of the judiciary law or if he deems himself disqualified to act because of his professional relations with any party to an action or special proceedings pending before the court the city judge or the clerk of the court must make, and file with the clerk of the city court, a certificate to that effect, and thereupon the acting city judge, if not also disqualified, must act as judge in such action or proceeding and if disqualified then the action or special proceeding shall by an order be removed to the county court of Orange county. In all actions or proceedings so transferred to the acting city judge, he shall exercise all the authority and perform all the duties of the city judge. In the event of the resignation, death or permanent disability of the city judge, the acting city judge shall act until the next general election appointed to be held when a city judge shall be elected. In case of the physical disability of the city judge to an extent rendering him unable to file such certificate, said acting city judge may then act without such certificate."
The amendment of the Middletown City Court Act § 4, subdivision 4 as contained in Chapter 244 of the Laws of 1957, was as follows:
 "4. A vacancy in the office of judge, occurring otherwise than by expiration of term, shall be filled for a full term of four years at the next general election held not less than thirty days after such vacancy occurs; and until the vacancy shall be so filled, the mayor shall fill such vacancy by appointment which shall continue acting city judge shall have and assume all the powers, duties, and responsibilities of city judge until and including the last day of December next after the election at which the vacancy shall be filled."
The material crossed out was being removed from the statute and the material underlined was being added to the statute.
You inquire whether the acting city judge will become city judge or merely assume the functions and duties of that office as acting city judge. The reason for the inquiry is that if the acting city judge automatically becomes the city judge he would have authority to appoint an acting city judge, whereas if he is still the acting city judge but performing the functions and duties of the city judge, he would not have authority to appoint an acting city judge and there would be no one available to perform the functions of city court judge upon occasions when he is not able to do so, because the 1957 amendment eliminated from the City Court Act the power to make a temporary appointment of a city judge to fill a vacancy in the office of city judge until an election can be held to fill the remaining portion of the term.
In our opinion, if the elective office of city judge of the City of Middletown becomes vacant before the expiration of the term, the appointed acting city judge will perform the functions of city judge but will still be the acting city judge and there will be a vacancy in the office of city judge; the former statutory authorization to make an appointment to fill the vacancy temporarily until an election can be held to fill the vacancy for a new full four year term having been repealed, there is no specific provision of law for filling the vacancy in that particular office. Not only is there no specific provision of law for filling the vacancy, the present phraseology of the statute is such that it constitutes a prohibition against filling the vacancy by appointment. The subdivision now states that such a vacancy shall be filled for a full term of four years at the next general election and until "so" filled, i.e., at an election, the acting city judge shall perform the duties of the office. If the "so" did not appear in the subdivision, the vacancy could be filled under Public Officers Law § 43 by an appointment by the Governor but we feel that section 43 of the Public Officers Law can not be operable in view of the specific wording of the Middletown City Court Act.